MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Virginia Reyes Quezada,

               Plaintiff,

vs.

Dr. Steven D. Bastian, et al.,

               Defendants.

No.  CV 12-1654-PHX-DGC (MEA)

**ORDER**

On August 3, 2012, Plaintiff Virginia Reyes Quezada, who is confined in the Arizona State Prison Complex-Perryville in Goodyear, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In September 7 and October 30, 2012 Orders, the Court denied the deficient Application to Proceed and a second, deficient Application to Proceed.  In a January 28, 2013 Order, the Court granted Plaintiff's third Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 28, 2013, Plaintiff filed a First Amended Complaint (Doc. 12).  The Court will dismiss the First Amended Complaint and this action.

## I.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.     First Amended Complaint

In her one-count First Amended Complaint, Plaintiff sues Defendant Dr. Steven D. Bastian.   Plaintiff alleges a violation of her First Amendment rights regarding medical care.   She contends that Dr. Bastian performed a surgery on her right hand and that at a follow-up appointment, she told Defendant Bastian that she was experiencing pain and "locking" in her right thumb.   She asserts that Defendant Bastian determined that she was suffering from a "trigger" in her right thumb and that he would give her a steroid injection, rather than a surgery, and would schedule a follow-up appointment.   Plaintiff contends that she experienced excruciating pain when Defendant Bastian's nurse administered the injection and Plaintiff believes the nurse hit a nerve.

At a follow-up appointment, Defendant Bastian examined Plaintiff's thumb, ordered a magnetic resonance imaging (MRI) test to "see what went wrong from the prior steroid injection," and stated that he was going to prescribe an anesthetic cream to help ease the pain.   However, when Plaintiff returned to prison and inquired about the cream, she was told that no cream had been ordered.    Plaintiff alleges that the MRI results were normal and that she has not received any further medical treatment for the injury to her thumb from the injection.

Plaintiff claims her thumb is permanently stiff and she feels Defendant Bastian is clearly aware of the significance of her injury, the pain she has endured, and her loss of her ability to use her thumb.   She asserts that Defendant Bastian is "not fully meeting up to his oath as a doctor, an[d] not appropriately conducting himself as a professional" because he did not follow through and make sure that Plaintiff received the cream.   She alleges that Defendant Bastian's conduct "perfectly meets the standards of deliberate indifference."

1    In her Request for Relief, Plaintiff seeks monetary damages and her court costs

2    and fees.

3    **III.    Failure to State a Claim**

4    Plaintiff's claim arises, if at all, under the Eighth or Fourteenth Amendment, not

5    the First Amendment.   However, not every claim by a prisoner relating to inadequate

6    medical treatment states a violation of the Eighth or Fourteenth Amendment.   To state a

7    § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate

8    indifference to serious medical needs."   *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

9    2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a

10   "serious medical need" by demonstrating that failure to treat the condition could result in

11   further significant injury or the unnecessary and wanton infliction of pain and (2) the

12   defendant's response was deliberately indifferent.   *Jett*, 439 F.3d at 1096 (quotations

13   omitted).

14   "Deliberate indifference is a high legal standard."   *Toguchi v. Chung*, 391 F.3d

15   1051, 1060 (9th Cir. 2004).   To act with deliberate indifference, a prison official must

16   both know of and disregard an excessive risk to inmate health; "the official must both be

17   aware of facts from which the inference could be drawn that a substantial risk of serious

18   harm exists, and he must also draw the inference."   *Farmer v. Brennan*, 511 U.S. 825,

19   837 (1994).   Deliberate indifference in the medical context may be shown by a

20   purposeful act or failure to respond to a prisoner's pain or possible medical need and

21   harm caused by the indifference.   *Jett*, 439 F.3d at 1096.   Deliberate indifference may

22   also be shown when a prison official intentionally denies, delays, or interferes with

23   medical treatment or by the way prison doctors respond to the prisoner's medical needs.

24   *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

25   Deliberate indifference is a higher standard than negligence or lack of ordinary

26   due care for the prisoner's safety.   *Farmer*, 511 U.S. at 835.   "Neither negligence nor

27   gross negligence will constitute deliberate indifference."   *Clement v. California Dep't of*

28   *Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter*

*Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

Although Plaintiff's allegations may support a claim of negligence or medical malpractice by Defendant Bastian, they do not support a claim that Defendant Bastian acted with deliberate indifference.  Thus, the Court will dismiss without prejudice Count One.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in her First Amended Complaint, the Court will dismiss her First Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend her complaint.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made two efforts at crafting a viable complaint.  The Court finds that further opportunities to amend would be futile because Defendant Bastian's conduct does not rise to the level of deliberate indifference.  Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    Plaintiff's First Amended Complaint (Doc. 12) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

      Dated this 17th day of May, 2013.

_____

David G. Campbell
United States District Judge